PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE *and* DAUGHTER DOE, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.  4:25-CV-01895 |
| v. | ) ) ) | JUDGE BENITA Y. PEARSON |
| URSULINE HIGH SCHOOL, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) ) | **ORDER** [Resolving ECF No. 10] |

Given the highly personal and stigmatizing nature of minor sexual assault and the risk that public identification could subject minor Plaintiff Daughter Chef and her guardian Plaintiff Mother Chef to emotional harm or retaliation, the Court orders that this case shall proceed pseudonymously.

## I.  DISCUSSION

Open access to federal judicial proceedings is longstanding tradition in the United States. *See Unmasked: Pseudonym Plaintiffs in the Legal Industry in the Era Of #MeToo*, 51 Seton Hall L. Rev. 461 (2020).  Citizens have the right to know who uses their courts, and defendants have the right to know their accusers.  *See* Am. Jur. 2d, Federal Civil Procedure § 52.  Consequently, complaints in federal litigation must generally provide the names of all implicated parties.[1]  *See* Fed. R. Civ. P. 10(a).  No less important, however, is the right of personal privacy and the

---

[1] A general guardian may sue or defend on behalf of a minor.  *See* Fed. R. Civ. P. 17(c)(1).

(4:25-CV-01895)

anonymity oftentimes necessary to safeguard it.  See Brandeis and Warren, *The Right to Privacy*, 4 Harv. L. Rev. 193 (December 1890).  District courts thus have discretion to issue protective orders for anonymized pleadings when they find an important privacy interest that outweighs both the public interest in free disclosure and any potential prejudice to other parties.[2]  See *Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1988); 73 A.L.R. Fed. 3d Art. 4 (2022).

On balancing these factors, the Court concludes that pseudonymous filing in this matter is warranted.  Minors, in particular, are granted heightened protection in lawsuits brought on their behalf.  See *Porter*, 370 F.3d at 561.  Ordering Plaintiffs to proceed under pseudonyms will not obstruct their ability to prosecute their claims or Defendants' ability to defend against the same.  Although the immediate community may already know about these allegations (and, by implication, Plaintiffs' identities), Plaintiffs may proceed under pseudonyms to mitigate any further trauma of having their names and intimate details committed to the open record.  See *St. Edward High Sch.*, 2022 WL 2717018, at *4; *K.S. v. Detroit Pub. Schs.*, 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015) (allowing a student to proceed anonymously even after his mother discussed his sexual assault with a local news station).

## II. CONCLUSION

The Clerk of Court shall adjust all captions in this case according to the instructions herein and the caption above.  Plaintiffs shall proceed pseudonymously and disclose their

---

[2] Federal courts have ordered pseudonymous filing in cases involving minor abortions, birth control, transsexuality, mental illness, illegitimacy, disease, and homosexuality, and sexual abuse.  *See, e.g.,* *Koe v. U. Hosp's. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011));  *Doe v. St. Edward High Sch.*, No. 22-CV-440, 2022 WL 2717018, at *3 (N.D. Ohio July 13, 2022); *Doe v. Neverson*, 820 F. App'x 984, 987-88 (11th Cir. 2020); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (collecting cases).

(4:25-CV-01895)

identities to the Court and all Defendants under seal no later than December 1, 2025. Rather than proceeding under their chosen pseudonym of "Chef," Plaintiffs shall proceed as *Jane Doe* and *Daughter Doe* in all future filings.[3] The Parties shall not disclose Plaintiffs' identities without leave of Court. Plaintiffs shall also provide the Court and all Defendants with a pseudonym key for any minor Defendants no later than December 1, 2025, to facilitate commonality and ease of reference. Finally, Plaintiffs shall amend their Complaint to comply with this Order and include the names of all known Defendants (limiting any minor Defendants' names to their initials) no later than December 1, 2025. *See* Fed R. Civ. P. 5.2(a)(3), 10(a), 15(a)(2), and 17(c). Defendants shall respond to the amended pleading within fourteen days after service of the amended complaint. *See* Fed. R. Civ. P. 15(a)(3). *See* Order [Non-Document] 11/19/2025. As a consequence of this new calendar, Defendants' Motion for Extension of Time to Answer (ECF No. 10) is denied as moot.

    IT IS SO ORDERED.

| | |
|---|---|
| November 24, 2025 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |

---

[3] To distinguish this lawsuit from similarly captioned disputes before the Court, the Parties shall refer to *Jane Doe, et al. v. Ursuline High School, et al.*, No. 4:25-CV-01822 (N.D. Ohio filed Sept. 2, 2025) as *Ursuline I, Jane Doe and Daughter Doe v. Ursuline High School, et al.* No. 4:25-CV-01895 (N.D. Ohio filed Sept. 10, 2025), as *Ursuline II,* and *Jane Doe and Grandson Doe v. Ursuline High School, et al.*, No. 4:25-CV-02494 (N.D. Ohio filed Nov. 17, 2025) as *Ursuline III* in communications with the Court, but only as needed for efficiency of reference.

3