PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, *et al.*, | ) | |
| | ) | CASE NO. 4:25-CV-01895 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 18, 19] |
| | ) | |
| | ) | |

The Court considers a Motion to Permit Pre-Rule 26(f) Conference Discovery (ECF No. 18) and a Motion for Extension to Serve the Second Amended and Supplemental Complaint (ECF No. 19). Plaintiffs and movants are Jane Doe and Daughter Doe. Defendants are Ursuline High School, Margaret Damore, John DeSantis, the Catholic Diocese of Youngstown, R.H., and his parents. The first motion is granted and the second motion is granted in part.

**I. Early Discovery**

Under the Federal Rules of Civil Procedure, litigants "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Court may, however, allow some appropriate early discovery for good cause shown. *See, e.g. Voltage Pictures, LLC v. Does 1-43*, No. 1:13-CV-465, 2013 WL 1874862, at *5 (N.D. Ohio May 3, 2013). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice,

(4:25-CV-01895)

outweighs the prejudice to the responding party." *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012) (citing *Arista Records, LLC v. Does 1–15,* No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007)).  Under the Family Educational Rights and Privacy Act (FERPA), however, high schools must provide adequate notice before releasing student information (*e.g.*, name, addresses, contact details) and allow parents an opportunity to withhold their consent.  See 20 U.S.C. § 1232g(a)(1)(A).

      Plaintiffs move under Fed. R. Civ. P. 26(d) for leave to conduct a limited form of early discovery from Defendant Ursuline High School, seeking documents identifying the names, addresses, and contact information of Defendant R.H. and his Defendant parents [FNU] Harris and [nu] Harris in order to facilitate service.[1] ECF No. 16 at PageID #: 240.  This case cannot proceed without discovering the identities of all Defendants and rendering service thereon.  *See Voltage Pictures,* 2013 WL 1874862, at *6.  FERPA does not prohibit student information disclosure in compliance with a federal court order.  *See* 20 U.S.C. § 1232g(b); *United States v. Miami U.*, 294 F.3d 797, 812 (6th Cir. 2002).  Thus, the Court determines that pre-Rule 26(f) conference discovery is appropriate because: (1) Plaintiffs' request is narrowly tailored; (2) the information sought from Defendant Ursuline High School is necessary to advance the dispute towards resolution; and (3) Plaintiffs' needs outweigh any potential prejudice or burden to Defendants.

---

[1] Defendant Ursuline declined to voluntarily release this information due to FERPA privacy restrictions.  However, they do not oppose the instant motion.

(4:25-CV-01895)

## II. SERVICE EXTENSION

If a defendant is not served within 90 days after a complaint is filed, a district court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  See Fed. R. Civ. P. 4(m).  A court can extend the time for service only for "an appropriate period" and only when a plaintiff shows good cause for failure to serve.  See id.  For the reasons below, the request for extended service is granted in part.

Plaintiffs sued Defendants on September 10, 2025.  See ECF No. 1.  Defendants in the original complaint included R.H. and his parents, [FNU[ Harris and [FNU] Harris. and [FNU] [LNU] (father of A.B.).  See ECF No. 1 at PageID #: 5.  Thus, the cutoff to serve those Defendants falls 90 days later: December 11, 2025.  See Fed. R. Civ. P. 4(m).  Plaintiffs argue there is good cause for extension because they  been "diligently attempting to identify, and serve" the remaining Defendants.  ECF No. 19 at PageID #: 1251.  They err, however, in timing this request.  They admit it was not until November 10, 2025—two months after filing and in reaction to an order in a different lawsuit—that they contacted Defendants' counsel requesting the necessary contact information.  See ECF No. 19 at PageID #: 1252.  Rather than timely notifying the Court of service obstacles, they waited until December 9, 2025 —two days before service cutoff—to move for an overly generous three-month extension.  Even so, the Court identifies at least *some* good cause through the discussions between Plaintiffs' counsel and Defendants' counsel in accord with Fed. R. Civ. 4(m) warranting an extension of service.  See ECF No. 19 at PageID ##: 1251–53.  Nevertheless, three additional months is not "an appropriate period" under the circumstances.  Accordingly, the motion is granted in part. Plaintiff is granted an additional 30 days of the date of this Order to effect service; not 90, as requested.

3

(4:25-CV-01895)

### III.  CONCLUSION

Plaintiffs' Motion to Permit Pre-Rule 26(f) Conference Discovery (ECF No. 18) is granted.  Defendants shall provide Plaintiffs with the names, addresses, and contract information of Defendant R.H., [FNU] Harris, and [FNU] Harris within 14 days of the date of this Order. Defendant Ursuline High School shall notify Defendant R.H. and his parents before such disclosure in compliance with FERPA.  *See* 20 U.S.C. § 1232g(b)(2)(B).

Plaintiff's Motion for an Extension to Serve the Second Amended and Supplemental Complaint (ECF No. 19) is granted in part.  Plaintiffs shall serve Defendants R.H., [FNU] Harris and [FNU] Harris within 30 days of the date of this Order.

IT IS SO ORDERED.

| December 22, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |